**UNITED STATES DISTRICT COURT**
**WESTERN DISTRCICT OF NORTH CAROLINA**

| | |
|---|---|
| Kathleen McKee,<br>a/k/a Kathleen Albright, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>InDebted USA, Inc.<br><br>Defendant(s) | Case No.: 5:25-cv-220<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kathleen McKee a/k/a Kathleen Albright ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against InDebted USA, Inc. ("InDebted"), individually pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure “that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of North Carolina in the County of Iredell.

8. Defendant InDebted is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. InDebted can be served with process at their registered agent c/o Corporation Service Company located at 2626 Glenwood Ave, Ste 550, Raleigh, NC, 27608.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in the State of North Carolina;

b. with whom Defendant sent a collection letter;

c. which contained confusing language in regards to where payment should be directed;

d. which communications were made on or after a date one (1) year prior to the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf it attempts to collect debts and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, and 1692f.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications with consumers, in the form attached as Exhibit A and as described herein, violate 15 U.S.C. §§ 1692e, and 1692f.

## FACTUAL ALLEGATIONS

18. Plaintiff repeats the above allegations as if set forth here.

19. On a debt known by Defendant, an obligation was allegedly incurred by Plaintiff to First Electronic Bank.

20. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

21. The alleged First Electronic Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

22. First Electronic Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23. Upon information and belief, Midland Credit Management, Inc. acquired the debt once in default.

24. Upon information and belief, Midland then contracted with Defendant to collect alleged debt.

25. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

*Violation – January 12, 2025 Collection Letter*

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 27 above herein with the same force and effect as if the same were set forth at length herein.

29. On or about January 12, 2025 Defendant sent Plaintiff sent a collection letter regarding the alleged debt. *See* Letter attached as Exhibit A.

30. Plaintiff disputes that all or part of this debt is a valid debt.

31. The Letter states, in relevant part:

> We have been authorized to extend to you a special offer to resolve this account for We're working with Midland Credit Management, Inc. to help you resolve your outstanding account.
>
> Hi Kathleen. We're getting in touch about your Midland Credit Management, Inc. balance. To make it easier to manage, we're offering a discount on your account. This means you can resolve your debt for a reduced amount. Log in to your account to access your discount and view your payment options.
>
> **30%**
> **Pay with Discount**

| | |
|---|---|
| Account Breakdown | |
| Our Client | Midland Credit Management, Inc. |
| Original Creditor | FIRST ELECTRONIC BANK (in partnership with: DESTINY) (XXXXXXXXXXXX1495) |
| Outstanding balance | USD 1,243.01 |
| Discount | *USD -372.91* |
| Settlement Offer | USD 870.10 |

*See* Exhibit A.

32. This Letter shows Plaintiff's outstanding balance of $1,243.01 as a result from Plaintiff's original debt with First Electronic Bank.

33. In the Letter, Defendant offers Plaintiff a "reduced amount" offer to resolve the alleged debt for $870.10.

34. The reduced amount represents an approximately 30% discount of the outstanding balance, or $372.91 in savings.

35. The Letter further states, "Please visit Midland Credit Management, Inc.'s website if you prefer to make a direct payment to them."

36. The statements in this letter left the plaintiff confused as to whom payment should made to.

37. It seemed implausible to the Plaintiff that two different places could accept her payments.

38. Furthermore, the Letter does not even provide the information needed to discuss the debt directly with Midland Funding.

39. Additionally, upon information and belief Midland Funding would have offered the same discounted payments if not a better offer so its is deceptive by the Defendant to state the only way to get a discount is to pay Defendant directly.

40. This has left Plaintiff confused about whom to contact and how to resolve the debt.

41. The Letter provides the opportunity for Plaintiff to pay directly to Midland Credit Management, Inc., but does not include any instructions or a direct link to facilitate the payment process on Midland's website.

42. In contrast, the Letter later adds, "Please note that discount offers are only available when payments are made directly through InDebted."

43. Defendant's failure to provide clear instructions or a link to make a direct payment to Midland, while offering a payment option through InDebted, creates a sense of confusion and frustration for Plaintiff.

44. This lack of clarity has left Plaintiff feeling uncertain about her options. Plaintiff feels pressured into using InDebted to resolve the debt, even though it may not be her preferred choice.

45. The misleading nature of the letter and the lack of sufficient information regarding payment methods has caused Plaintiff distress and anxiety, as she is left unsure about the correct steps to take and whom to trust for handling her debt.

46. Plaintiff is left with the impression that her only viable option is to pay through InDebted, due to the absence of guidance for making a payment to Midland directly. This has led Plaintiff to feel coerced into making a payment through a third-party service, adding to her confusion and distress.

47. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

48. Due to Defendant's actions, Plaintiff expended time and money in determining the proper course of action in response.

49. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

50. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

52. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

53. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 53 above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Defendant violated §1692e by:

a. Stating that "Midland Credit Management, Inc." was "our client," while simultaneously directing Plaintiff to make payment through "InDebted," thereby creating confusion as to the true owner or creditor of the debt.

b. Stating falsely that payment made directly to Midland Credit Management, Inc. might not qualify for the purported "discount offer," thereby misrepresenting the lawful status and method of satisfying the debt.

c. and by making a false and misleading representation/omissions in violation of §1692e(10).

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**<u>COUNT II</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

59. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 53 as if set forth herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

61. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

62. Defendant violated §1692f:

a. Stating that "Midland Credit Management, Inc." was "our client," while simultaneously directing Plaintiff to make payment through "InDebted," thereby creating confusion as to the true owner or creditor of the debt.

b. Stating falsely that payment made directly to Midland Credit Management, Inc. might not qualify for the purported "discount offer," thereby misrepresenting the lawful status and method of satisfying the debt.

63. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**<u>DEMAND FOR TRIAL BY JURY</u>**

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathleen McKee a/k/a Kathleen Albright demands judgment from Defendant as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff the costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 26, 2025

Respectfully submitted,

**The Emory Law Firm, P.C.**

*C. Randolph Emory* __
C. Randolph Emory, Esq.
11020 David Taylor Drive, Ste 102
Charlotte, NC 28262
Ph: 704-371-4333
remory@theemorylawfirm.com

*Attorneys for Plaintiff*